[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF ATTORNEY TRIAL REFEREE
A. The following facts are found:
1. The plaintiff, STEVEN SALHANEY, on November 26, 1988 was the owner of a 1985 Subaru automobile.
2. The defendants, FRED L. SCHIAVONE, SR. and JOHN R. MALONE, on November 26, 1988, provided services with respect to motor vehicles operating under the name of "While You Wait Oil Lube Center" located at 857 Bank Street, New London, Connecticut.
3. On November 26, 1968, the plaintiff delivered his 1985 Subaru automobile to the defendants to effect a motor oil change and a check on various items as are contained in Exhibit "A."
4. The plaintiff's automobile was personally serviced only by the defendant, FRED L. SCHIAVONE, SR.
5. The defendant, FRED L. SCHIAVONE, has had many years of experience as a mechanic and automobile service operator.
6. The plaintiff's vehicle was driven into the defendant's service building and the hydraulic car lift was aligned.
7. The defendant, FRED L. SCHIAVONE, then checked various items including fluid levels of auto transmission, power steering, brakes and particularly differential gear oil, all of which showed proper levels.
8. Thereafter, the vehicle was raised on the hydraulic lift, the engine oil outlet plug was removed and the engine oil drained.
9. The engine oil outlet plug was located on the bottom of the front of the engine.
10. The differential gear oil outlet was located on the side of its reservoir some eighteen inches from the engine oil outlet.
11. The outlet plugs were of the same dimension. Exhibits "D" and "E."
12. FRED L. SCHIAVONE had extensive experience ce in servicing motor vehicles and particularly was familiar with the 1985 Subaru.
13. After the service work was performed, the plaintiff paid the defendant $19.30 and personally inspected the motor oil level.
14. The defendant, FRED L. SCHIAVONE, SR., did not remove the differential oil plug.
15. The plaintiff's vehicle had been driven 96,415 miles as of November CT Page 936 26, 1988 and as of December 19, 1988, had been driven 97,925 miles.
16. Between November 26, 1988 and December 19, 1988, except for one week, the plaintiff drove the vehicle sometimes at 70 mph commuting from Warwick, Rhode Island to Worcester, Massachusetts and to other areas.
17. On December 18, 1988, for the first time, the plaintiff was aware of a high pitched whine in the front area of his vehicle.
18. On December 19, 1988, after driving from Rhode Island to Worcester, Massachusetts, the automobile lost power and "bucked" and was taken by the plaintiff to Patrick Motors in Worcester, a Subaru dealer.
19. At Patrick Motors, it was found that there was no lubricant in the differential oil housing and that a noise coming from that area of the vehicle indicated probable damage to the differential.
20. At that time, the motor was badly in need of a complete tune up and engine overhaul.
21. Three pints of 75 weight lubricant were installed in the differential housing and the plaintiff drove the vehicle to another Subaru dealer in Westbrook, Connecticut.
22. The plaintiff then had the vehicle towed to Manchester, Connecticut at a cost of $125.
23. Thereafter, the plaintiff paid his father $600 for the rental of a vehicle until he had purchased a new vehicle.
24. The plaintiff still owns the 1988 Subaru which has not been repaired or otherwise inspected.
25. The reasonable cost of replacing the differential mechanism is $2,500.
26. The differential housing containing the lubricant in addition to the drain plug and dip stick opening has three openings — two to the axles and one to the transmission.
27. Seals protecting the openings of the axle can fail without leaving substantial evidence of leaking.
28. The cause of the failure of the lubrication of the differential cannot be determined based on the evidence presented.
29. High speed driving would cause the failure of the differential assembly within a few miles of the car being driven without lubrication in the differential housing. CT Page 937
B. The following conclusions have been reached:
1. The defendants did not drain the lubricant from the differential assembly of the plaintiff's vehicle.
2. The defendants delivered the plaintiff's vehicle to him on November 26, 1988 with proper lubrication level in the differential assembly.
3. The nature of the damage to the differential assembly is not known.
4. If judgment were to be rendered in favor of the plaintiff, his maximum damage totals $3,225.
C. It is recommended that judgment should enter for the defendants.
ALLYN L. BROWN, JR. Attorney State Trial Referee